IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


RODNEY ANDREWS                                                    PLAINTIFF

VERSUS                                          CIVIL ACTION NO. 3:05cv597HTW-JCS

HINDS COUNTY DETENTION FACILITY                                   DEFENDANT


OPINION AND ORDER

On December 20, 2005, an order was entered directing the plaintiff to pay the required

$250.00 filing fee or file a completed in forma pauperis application, within twenty days.

The plaintiff was warned that his failure to comply with this order in a timely manner or his

failure to advise this court of a change of address would be deemed a purposeful delay and

contumacious act by the plaintiff and would result in the dismissal of this case.  The plaintiff

failed to comply with the court's order.

On February 21, 2006, an order was entered directing the plaintiff to show cause why

this case should not be dismissed for his failure to comply with the court's December 20,

2005, order.  In addition, the order directed the plaintiff to comply with the court's December

20, 2005, order by paying the required filing fee or filing the appropriate pauper application,

within fifteen days.  The plaintiff was warned that his failure to comply with this order in a

timely manner or his failure to advise this court of a change of address would be deemed a

purposeful delay and contumacious act by the plaintiff and would result in the dismissal of

this case.  The plaintiff failed to comply with the court's order.

On April 11, 2006, a second order was entered directing the plaintiff to show cause why this case should not be dismissed for his failure to comply with the court's December 20, 2005 order and the court's February 21, 2006, order.  In addition, the order directed the plaintiff to comply with the court's December 20, 2005, order by paying the required filing fee or filing the appropriate pauper application, within fifteen days.  The plaintiff was warned that his failure to comply with this order in a timely manner or his failure to advise this court of a change of address would be deemed a purposeful delay and contumacious act by the plaintiff and would result in the dismissal of this case without further written notice to the plaintiff.  The plaintiff failed to comply with the court's April 11, 2006, order.

The plaintiff has failed comply with three court orders.  The plaintiff's failure to communicate further with the court, either to inquire as to the status of his case or to attempt to comply with three court orders indicates his lack of interest in pursuing this claim.

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962);  McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).  The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  Link, supra, 370 U.S. at 630.

Since the defendant has never been called upon to respond to the plaintiff's pleading, and has never appeared in this action, and since the court has never considered the merits of plaintiff's

2

claims, the court's order of dismissal should provide that dismissal is without prejudice.  <u>Shaw v.</u>

<u>Estelle</u>, 542 F.2d 954 (5th Cir. 1976).

      A final judgment in accordance with this opinion and order will be entered.

      This the 23rd day of May, 2006.

                    s/ HENRY T. WINGATE

                    CHIEF UNITED STATES DISTRICT JUDGE